1  Laura Godfrey Zagar, Bar No. 233059
   LZagar@perkinscoie.com
2  PERKINS COIE LLP
   505 Howard Street, Suite 1000
3  San Francisco, CA  94105-3204
   Telephone:  415.344.7000
4  Facsimile:  415.344.7050

5  Ray Harman, Bar No. 211205
   RHartman@perkinscoie.com
6  11452 El Camino Real, Suite 300
   San Diego, CA 92130-2080
7  Telephone:  858.720.5772
   Facsimile:  858.720.5872

8
   Attorneys for Defendant
9  STONE BOATYARD, LLC

10
                    UNITED STATES DISTRICT COURT
11
                  NORTHERN DISTRICT OF CALIFORNIA
12
                       SAN FRANCISCO DIVISION
13

14
   SAN FRANCISCO BAYKEEPER,              Case No. 3:20-cv-07123-JD
15
                          PLAINTIFF,     **ANSWER AND AFFIRMATIVE
16                                       DEFENSES TO COMPLAINT FOR
                                         INJUNCTIVE AND DECLARATORY
17      V.                               RELIEF**

18  ALLIED ENGINEERING &                 -AND-
    PRODUCTION CORPORATION,
19  ALLIED LAND COMPANY, AND             **CROSS-CLAIMS AGAINST
    STONE BOATYARD, LLC,                 DEFENDANTS ALLIED ENGINEERING &
20                                       PRODUCTION CORPORATION AND
                          DEFENDANTS.    ALLIED LAND COMPANY**
21

22

23

24
        Defendant Stone Boatyard, LLC ("Stone"), by and through counsel, hereby answers and
25
   asserts affirmative defenses in response to the San Francisco Baykeeper's ("Baykeeper")
26
   Complaint (Dkt. No.1) ("Complaint") as follows:
27

28                                               1
   ANSWER, AFFIRMATIVE DEFENSES,
   AND CROSS-CLAIMS
   3:20-CV-07123-JD
   150024786.2

**INTRODUCTION**

1.      Stone denies the allegations in Paragraph 1 of the Complaint.

2.      Stone is without sufficient information or knowledge to form a belief as to the truth of the matters alleged in Paragraph 2 of the Complaint and therefore denies the same.

3.      No response is required because the allegations in Paragraph 3 are not directed at Stone; rather the allegations in Paragraph 3 are directed at Allied Engineering and Production Corporation and Allied Land Company. To the extent a response is required, Stone denies the allegations in Paragraph 3.

4.      Stone admits the following with respect to Paragraph 4 of the Complaint: (1) Allied Engineering and Production Corporation and Allied Land Company never owned the Shoreline Parcel; (2) the Shoreline Parcel was once owned by the federal government; and (3) Stone currently owns the Shoreline Parcel; (4) Stone currently owns parcels adjacent to the Shoreline Parcel and the Facility.

5.      No response is required because the allegations in Paragraph 5 are not directed at Stone; rather the allegations in Paragraph 5 are directed at Allied Engineering and Production Corporation and Allied Land Company. To the extent a response is required, Stone denies the allegations in Paragraph 5.

6.      Stone denies the allegations in Paragraph 6 of the Complaint.

7.      The allegations in Paragraph 7 of the Complaint state legal conclusions to which no response is required; to the extent a response is required, Stone denies the allegations in Paragraph 7.

8.      The allegations in Paragraph 8 of the Complaint state legal conclusions to which no response is required; to the extent a response is required, Stone denies the allegations in Paragraph 8.

9.      The allegations in Paragraph 9 of the Complaint state legal conclusions to which no response is required; to the extent a response is required, Stone denies the allegations in Paragraph 9.

1

**JURISDICTION AND VENUE**

2        10.     The allegations in Paragraph 10 of the Complaint state legal conclusions to which

3 no response is required; to the extent a response is required, Stone denies the allegations in

4 Paragraph 10.

5        11.     The allegations in Paragraph 11 of the Complaint state legal conclusions to which

6 no response is required; to the extent a response is required, Stone denies the allegations in

7 Paragraph 11.

8        12.     The allegations in Paragraph 12 of the Complaint state legal conclusions to which

9 no response is required; to the extent a response is required, Stone denies the allegations in

10 Paragraph 12.

11        13.     The allegations in Paragraph 13 of the Complaint state legal conclusions to which

12 no response is required; to the extent a response is required, Stone denies the allegations in

13 Paragraph 13.

14        14.     The allegations in Paragraph 14 of the Complaint state legal conclusions to which

15 no response is required; to the extent a response is required, Stone denies the allegations in

16 Paragraph 14.

17        15.     The allegations in Paragraph 15 of the Complaint state legal conclusions to which

18 no response is required; to the extent a response is required, Stone denies the allegations in

19 Paragraph 15.

20        16.     The allegations in Paragraph 16 of the Complaint state legal conclusions to which

21 no response is required; to the extent a response is required, Stone denies the allegations in

22 Paragraph 16.

23

**INTRADISTRICT ASSIGNMENT**

24        17.     The allegations in Paragraph 17 of the Complaint state legal conclusions to which

25 no response is required; to the extent a response is required, Stone denies the allegations in

26 Paragraph 17.

27

28

ANSWER, AFFIRMATIVE DEFENSES,
AND CROSS-CLAIMS
3:20-CV-07123-JD
150024786.2

## **THE PARTIES**

### **PLAINTIFF**

18.   Stone is without sufficient information or knowledge to form a belief as to the truth of the matters alleged in Paragraph 18 of the Complaint and therefore denies the same.

19.   Stone is without sufficient information or knowledge to form a belief as to the truth of the matters alleged in Paragraph 18 of the Complaint and therefore denies the same.

### **DEFENDANTS**

20.   Stone is without sufficient information or knowledge to form a belief as to the truth of the matters alleged in Paragraph 20 of the Complaint and therefore denies the same.

21.   Stone admits that it owns the Shoreline Parcel. Stone also admits that it is a limited liability company organized under the laws of the State of California. Stone denies the remaining allegations in Paragraph 21 of the Complaint.

## **LEGAL BACKGROUND**

### **RESOURCE CONSERVATION AND RECOVERY ACT**

22.   The allegations in Paragraph 22 of the Complaint state legal conclusions to which no response is required; to the extent a response is required, Stone denies the allegations in Paragraph 22.

23.   The allegations in Paragraph 23 of the Complaint state legal conclusions to which no response is required; to the extent a response is required, Stone denies the allegations in Paragraph 23.

24.   The allegations in Paragraph 24 of the Complaint state legal conclusions to which no response is required; to the extent a response is required, Stone denies the allegations in Paragraph 24.

25.   The allegations in Paragraph 25 of the Complaint state legal conclusions to which no response is required; to the extent a response is required, Stone denies the allegations in Paragraph 25.

Answer, Affirmative Defenses,
and cross-claims
3:20-cv-07123-JD
150024786.2

1

**NUISANCE *PER SE***

2      26.     The allegations in Paragraph 26 of the Complaint state legal conclusions to which

3   no response is required; to the extent a response is required, Stone denies the allegations in

4   Paragraph 26.

5      27.     The allegations in Paragraph 27 of the Complaint state legal conclusions to which

6   no response is required; to the extent a response is required, Stone denies the allegations in

7   Paragraph 27.

8      28.     The allegations in Paragraph 28 of the Complaint state legal conclusions to which

9   no response is required; to the extent a response is required, Stone denies the allegations in

10   Paragraph 28.

11      29.     The allegations in Paragraph 29 of the Complaint state legal conclusions to which

12   no response is required; to the extent a response is required, Stone denies the allegations in

13   Paragraph 29.

14      30.     The allegations in Paragraph 30 of the Complaint state legal conclusions to which

15   no response is required; to the extent a response is required, Stone denies the allegations in

16   Paragraph 30.

17

**PUBLIC NUISANCE**

18      31.     The allegations in Paragraph 31 of the Complaint state legal conclusions to which

19   no response is required; to the extent a response is required, Stone denies the allegations in

20   Paragraph 31.

21      32.     The allegations in Paragraph 32 of the Complaint state legal conclusions to which

22   no response is required; to the extent a response is required, Stone denies the allegations in

23   Paragraph 32.

24      33.     The allegations in Paragraph 33 of the Complaint state legal conclusions to which

25   no response is required; to the extent a response is required, Stone denies the allegations in

26   Paragraph 33.

27

28

ANSWER, AFFIRMATIVE DEFENSES,
AND CROSS-CLAIMS
3:20-CV-07123-JD
150024786.2

**FACTUAL BACKGROUND**

34.     Stone is without sufficient information or knowledge to form a belief as to the truth of the matters alleged in Paragraph 34 of the Complaint and therefore denies the same.

35.     Stone admits that the Shoreline Parcel is designated as APN 70-195-19. Stone also admits that the Shoreline Parcel is adjacent to the Facility and abuts and is partially submerged by the Oakland Estuary. Stone denies the remaining allegations.

36.     No response is required because the allegations in Paragraph 5 are not directed at Stone; rather the allegations in Paragraph 36 are directed at Allied Engineering and Production Corporation and Allied Land Company. To the extent a response is required, Stone admits the allegations in Paragraph 36.

37.     No response is required because the allegations in Paragraph 37 are not directed at Stone; rather the allegations in Paragraph 37 are directed at Allied Engineering and Production Corporation and Allied Land Company. To the extent a response is required, Stone denies the allegations in Paragraph 37.

38.     No response is required for the first sentence of Paragraph 38 because those allegations are not directed at Stone; rather the first sentence of Paragraph 38 is directed at Allied Engineering and Production Corporation and Allied Land Company. Stone admits the second sentence of Paragraph 38.

39.     Stone denies the allegations in Paragraph 39 of the Complaint.

40.     Stone denies the allegations in Paragraph 40 of the Complaint.

41.     The allegations in Paragraph 41 of the Complaint state legal conclusions to which no response is required; to the extent a response is required, Stone denies the allegations in Paragraph 41.

42.     Stone is without sufficient information or knowledge to form a belief as to the truth of the matters alleged in Paragraph 42 of the Complaint and therefore denies the same.

43.     Stone is without sufficient information or knowledge to form a belief as to the truth of the matters alleged in Paragraph 43 of the Complaint and therefore denies the same.

ANSWER, AFFIRMATIVE DEFENSES,
AND CROSS-CLAIMS
3:20-CV-07123-JD
150024786.2

44.     The allegations in Paragraph 44 of the Complaint state legal conclusions to which no response is required; to the extent a response is required, Stone denies the allegations in Paragraph 44.

45.     The allegations in Paragraph 45 of the Complaint state legal conclusions to which no response is required; to the extent a response is required, Stone denies the allegations in Paragraph 45.

46.     Stone is without sufficient information or knowledge to form a belief as to the truth of the matters alleged in Paragraph 46 of the Complaint and therefore denies the same.

47.     Stone is without sufficient information or knowledge to form a belief as to the truth of the matters alleged in Paragraph 47 of the Complaint and therefore denies the same.

48.     Stone is without sufficient information or knowledge to form a belief as to the truth of the matters alleged in Paragraph 48 of the Complaint and therefore denies the same.

49.     Stone is without sufficient information or knowledge to form a belief as to the truth of the matters alleged in Paragraph 49 of the Complaint and therefore denies the same.

50.     Stone is without sufficient information or knowledge to form a belief as to the truth of the matters alleged in Paragraph 50 of the Complaint and therefore denies the same.

51.     Stone is without sufficient information or knowledge to form a belief as to the truth of the matters alleged in Paragraph 51 of the Complaint and therefore denies the same.

52.     Stone is without sufficient information or knowledge to form a belief as to the truth of the matters alleged in Paragraph 52 of the Complaint and therefore denies the same.

**PRIVATE ATTORNEY GENERAL DOCTRINE**

53.     The allegations in Paragraph 53 of the Complaint state legal conclusions to which no response is required; to the extent a response is required, Stone denies the allegations in Paragraph 53.

54.     The allegations in Paragraph 54 of the Complaint state legal conclusions to which no response is required; to the extent a response is required, Stone denies the allegations in Paragraph 54.

ANSWER, AFFIRMATIVE DEFENSES,
AND CROSS-CLAIMS
3:20-CV-07123-JD
150024786.2

55.     The allegations in Paragraph 55 of the Complaint state legal conclusions to which no response is required; to the extent a response is required, Stone denies the allegations in Paragraph 55.

56.     The allegations in Paragraph 56 of the Complaint state legal conclusions to which no response is required; to the extent a response is required, Stone denies the allegations in Paragraph 56.

57.     The allegations in Paragraph 57 of the Complaint state legal conclusions to which no response is required; to the extent a response is required, Stone denies the allegations in Paragraph 57.

**FIRST CAUSE OF ACTION**

**Against All Defendants**

**<u>Violations of RCRA, § 7002(a)(1)(B)</u>**

58.     In response to Paragraph 58 of the Complaint, Stone realleges and incorporates its answers to the preceding paragraphs as though fully set forth herein.

59.     The allegations in Paragraph 59 of the Complaint state legal conclusions to which no response is required; to the extent a response is required, Stone denies the allegations in Paragraph 59.

60.     The allegations in Paragraph 60 of the Complaint state legal conclusions to which no response is required; to the extent a response is required, Stone denies the allegations in Paragraph 60.

61.     The allegations in Paragraph 61 of the Complaint state legal conclusions to which no response is required; to the extent a response is required, Stone denies the allegations in Paragraph 61.

62.     The allegations in Paragraph 62 of the Complaint state legal conclusions to which no response is required; to the extent a response is required, Stone denies the allegations in Paragraph 62.

63.     No response is required for Paragraph 63 of the Complaint; to the extent a response is required, Stone denies the allegations in Paragraph 63 of the Complaint.

1

**SECOND CAUSE OF ACTION**

2

***Against All Defendants***

3

**Nuisance *Per Se***

4     64.     In response to paragraph 64 of the Complaint, Stone realleges and incorporates its

5     answers to the preceding paragraphs as though fully set forth herein.

6     65.     The allegations in Paragraph 65 of the Complaint state legal conclusions to which

7     no response is required; to the extent a response is required, Stone denies the allegations in

8     Paragraph 65.

9     66.     The allegations in Paragraph 66 of the Complaint state legal conclusions to which

10    no response is required; to the extent a response is required, Stone denies the allegations in

11    Paragraph 66.

12    67.     The allegations in Paragraph 67 of the Complaint state legal conclusions to which

13    no response is required; to the extent a response is required, Stone denies the allegations in

14    Paragraph 67.

15    68.     No response is required for Paragraph 68 of the Complaint; to the extent a response

16    is required, Stone denies the allegations in Paragraph 68 of the Complaint.

17    **THIRD CAUSE OF ACTION**

18    ***Against All Defendants***
**Public Nuisance**

19

20    69.     In response to paragraph 69 of the Complaint, Stone realleges and incorporates its

21    answers to the preceding paragraphs as though fully set forth herein.

22    70.     The allegations in Paragraph 70 of the Complaint state legal conclusions to which

23    no response is required; to the extent a response is required, Stone denies the allegations in

24    Paragraph 70.

25    71.     The allegations in Paragraph 71 of the Complaint state legal conclusions to which

26    no response is required; to the extent a response is required, Stone denies the allegations in

27    Paragraph 71.

28

9

72.     The allegations in Paragraph 72 of the Complaint state legal conclusions to which no response is required; to the extent a response is required, Stone denies the allegations in Paragraph 72.

73.     The allegations in Paragraph 73 of the Complaint state legal conclusions to which no response is required; to the extent a response is required, Stone denies the allegations in Paragraph 73.

74.     The allegations in Paragraph 74 of the Complaint state legal conclusions to which no response is required; to the extent a response is required, Stone denies the allegations in Paragraph 74.

75.     The allegations in Paragraph 75 of the Complaint state legal conclusions to which no response is required; to the extent a response is required, Stone denies the allegations in Paragraph 75.

76.     The allegations in Paragraph 76 of the Complaint state legal conclusions to which no response is required; to the extent a response is required, Stone denies the allegations in Paragraph 76.

77.     No response is required for Paragraph 77 of the Complaint; to the extent a response is required, Stone denies the allegations in Paragraph 77 of the Complaint.

**<u>REMEDY</u>**

78.     No response is required for Paragraph 78 of the Complaint; to the extent a response is required, Stone denies the allegations in Paragraph 78 of the Complaint.

**<u>PRAYER FOR RELIEF</u>**

The statements in Paragraphs a–e of the Complaint's Prayer for Relief are not allegations of fact and therefore no response is required. To the extent a response is required, Stone denies Paragraphs a–e of the Complaint's Prayer for Relief.

**AFFIRMATIVE DEFENSES**

Stone hereby states the following defenses, without conceding that it bears the burden as to any of them. Stone reserves the right to assert additional affirmative defenses as are identified as this matter proceeds.

1.      Baykeeper's Complaint and each claim therein fails to state a claim for which relief can be granted.

2.      Baykeeper's Complaint and each claim therein may be barred by the applicable statute of limitations, laches, estoppel, or waiver.

3.      Stone reserves the right to assert other affirmative defenses as facts become known through discovery or otherwise. To the extent necessary, Stone's responses above shall be designated as defenses or affirmative defenses.

## STONE'S CROSS CLAIMS AGAINST ALLIED ENGINEERING & PRODUCTION CORPORATION AND ALLIED LAND COMPANY

Pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, Cross-Claimant Stone brings the following cross-claims against Cross-Claim Defendants Allied Engineering and Production Corporation and Allied Land Company (collectively "Allied Entities"):

### PARTIES

1.      Stone is a limited liability company formed under the laws of California with a principal place of business of 6114 LaSalle Ave., #441, Oakland, California, 94611.

2.      Allied Engineering and Production Corporation and Allied Land Company are both incorporated under the laws of California.

### JURISDICTION AND VENUE

3.      The Court has jurisdiction over the subject matter of this cross-claim, and the parties hereto, pursuant to 28 U.S.C. § 1367(a) and Rule 13(g) of the Federal Rules of Civil Procedure. Stone's cross-claims against the Allied Entities arise from the same transaction or occurrences that is the subject matter of the San Francisco Baykeeper's Complaint against Stone and the Allied Entities.

4.      The Court has Venue because the contaminated parcel(s) sit within the district. 28 U.S.C. § 1391(b)(2)

## **FACTUAL AND LEGAL BACKGROUND**

5.      These are cross-claims brought against the Allied Entities pursuant to Rule 13(g) of the Federal Rules of Civil Procedure.

6.      Stone owns real property, APN 70-195-19, located adjacent to the Oakland Inner Harbor Tidal Canal (the "Shoreline Parcel").

7.      Allied Land Company formerly owned the parcel of real property located at 2421 Blanding Avenue, Alameda, California. Allied Engineering and Production Corporation formerly operated a machine shop located on that same parcel of property (collectively "Allied's former Facility").

8.      The Allied Entities' former Facility is located directly adjacent to Stone's Shoreline Parcel.

9.      Upon information and belief, during all relevant times, the Allied Entities performed various activities, including but not limited to, using, storing, and depositing hazardous substances at its former Facility, including, but not limited to metal waste and shavings.

10.     To this day, the hazardous substances remain in the ground at the Allied Entities' former Facility.

11.     Because the hazardous substances from the Allied Entities' former Facility remain in the ground, the Allied Entities have allowed these substances to leach into the groundwater.

12.     Upon information and belief, the hazardous substances from the Allied Entities' former Facility continue to migrate to Stone's Shoreline Parcel due to the persistent leaching.

13.     In addition to the claims presented herein, Stone has provided the Allied Entities and the appropriate State and Federal agencies with the required 90-day notice under the Resource Conservation and Recovery Act. 42 U.S.C. § 6972(a)(1)(B). If neither the EPA or the State of California commences or begins diligently prosecuting a court action, Stone will seek to amend its cross-claim to include a request for injunctive relief pursuant to 42 U.S.C. § 6972(a)(1)(B).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FIRST CAUSE OF ACTION**
**Equitable Indemnity and Contribution**

14.    Stone hereby incorporates the allegations of the foregoing paragraphs as though fully set forth herein.

15.    Baykeeper alleges in its Complaint that, due to the actions and/or omissions of the Allied Entities, contamination has been released from the Allied Entities' Former Facility.

16.    As set forth in Stone's Answer to Baykeeper's Complaint, Stone denied and still denies that they produced or contributed to the contamination complained of. Furthermore, Stone denies that they are responsible or liable for any costs and damages, or that they are in any way subject to any of the relief requested in Baykeeper's Complaint.

17.    By reasons of the above, the Allied Entities are partially or fully responsible for any and all claims, losses, damages, attorney's fees, or costs that Stone may be required to pay as a result of the facts and circumstances raise in the Complaint under said California and Federal all claims, and Stone is entitled to equitable indemnification in full or in part from the Allied Entities for any and all claims, losses, damages, attorney's fees, or costs that Stone is required to pay as a result of the facts and circumstances alleged in Baykeeper's Complaint.

18.    By reason of the foregoing, Stone is entitled to complete equitable indemnity and/or contribution from the Allied Entities for any losses suffered arising from Baykeeper's claims.

**SECOND CAUSE OF ACTION**

**Declaratory Relief Under 28 U.S.C. § 2201 and Cal. Code Civ. Proc. § 1060**

19.    Stone incorporates the allegations of the foregoing paragraphs as though fully set forth herein.

20.    As described herein, an actual controversy has arisen and now exists between Stone and the Allied Entities concerning the validity of Baykeeper's claims, in that if they are required to pay any claims, losses, damages, attorney's fees, or costs as a result of the facts and circumstances alleged in Baykeeper's Complaint, the Allied Entities are an aider and abettor, intentional joint

13

tortfeasors and co-conspirators as to Stone's alleged wrongdoing, and must indemnify Stone for any such amounts, in whole or in part, under the doctrine of equitable indemnity as to said claims.

21. Without judicial declaration setting forth the parties' respective rights and obligations concerning these obligations and legal duties, a multiplicity of actions may result. Therefore, Stone requests a determination of the obligations of the Allied Entities, and each of them, to equitably indemnify Stone for any and all claims, losses, attorney's fees, or costs that they are required to pay as a result of the facts and circumstances raised by Baykeeper's Complaint.

## CROSS-CLAIM PRAYER FOR RELIEF

WHEREFORE, Stone prays for relief and judgment against Cross-Claim Defendants, the Allied Entities, as follows:

1. For a judgment that the Allied Entities indemnify Stone for all or part of any and all claims, losses, and/or damages, attorney's fees or costs that Stone may be required to pay as a result of the facts and circumstances raised in Baykeeper's Complaint; and

2. For a Declaration as to the same;

3. For attorney's fees pursuant to California Civil Code § 1021.6; and

4. For such other and further relief as this Court deems just and proper.

ANSWER, AFFIRMATIVE DEFENSES,
AND CROSS-CLAIMS
3:20-CV-07123-JD
150024786.2

1

2

DATED:  December 8, 2020

Respectfully submitted,

3

**PERKINS COIE LLP**

4

By: */s/ Ray Hartman*

5

Ray Hartman, Bar No. 211205
RHartman@perkinscoie.com

6

11452 El Camino Real, Suite 300
San Diego, CA 92130-2080

7

Telephone:  858.720.5772
Facsimile:  858.720.5872

8

Laura Godfrey Zagar, Bar No. 233059

9

LZagar@perkinscoie.com
505 Howard Street, Suite 1000

10

San Francisco, CA  94105-3204
Telephone:  415.344.7000
Facsimile:  415.344.7050

11

12

Attorneys for Defendant
Stone Boatyard, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15