UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO BAYKEEPER,<br><br>Plaintiff,<br><br>v.<br><br>ALLIED ENGINEERING AND PRODUCTION CORPORATION, et al.,<br><br>Defendants. | Case No. 20-cv-07123-JD<br><br>**ORDER RE APPROVAL OF SETTLEMENT BETWEEN SAN FRANCISCO BAYKEEPER AND TC I 2421 BLANDING, LLC, AND BARRING AND DISMISSING CLAIMS** |

Plaintiff San Francisco Baykeeper alleges that defendants Allied Engineering & Production Corporation, Allied Land Company, Stone Boatyard, LLC, and TC I 2421 Blanding, LCC (TC I), are jointly and severally liable for contamination of a parcel of shoreline in Alameda County. Dkt. No. 55 ¶¶ 1-10. Baykeeper and TC I reached a settlement agreement which provides for removal of debris from a portion of the shoreline owned by TC I. Dkt. No. 66-1. The agreement is conditioned on a judicial determination that the settlement is in good faith pursuant to Sections 877 and 877.6 of the California Code of Civil Procedure (CCP), and on a contribution bar pursuant to Section 6 of the Uniform Comparative Fault Act (UCFA). *Id.* § III.

Baykeeper and TC I ask for an order approving the settlement under Section 877 and 877.6 of the CCP, and providing TC I with contribution and equitable indemnity protection under the UCFA. Dkt. No. 65. The non-settling parties do not oppose the motion, *see* Dkt. Nos. 76, 83, 87, and the Court finds that the motion is suitable for determination without a fairness hearing. *See* CCP § 877.6(a)(2). The parties' familiarity with the record is assumed, and the motion is granted.

The Court has discussed the standards governing good faith determinations under Sections 877 and 877.6 of the CCP, and incorporates those discussions here. *See Linda Parka Pennington*

*v. Tetra Tech EC, Inc.*, No. 18-cv-05330-JD, 2022 WL 899843, at *1-2 (N.D. Cal. Mar. 28, 2022) (citing *Tech-Bilt, Inc. v. Woodward-Clyde & Associates*, 38 Cal. 3d 488 (1985)).

Under those standards, the parties have established that the settlement agreement is substantively and procedurally fair, reasonable, in the public interest, and entered into in good faith. The allocation of liability is reasonable because Baykeeper alleges that the Allied defendants caused the contamination on the shoreline owned by TC I, and TC I has agreed to address the contamination on the shoreline it owns and to pay a portion of Baykeeper's attorneys' and experts' fees. Dkt. No. 55 ¶¶ 39-47, 74, 82; Dkt. No. 66-1 §§ IV-V. The record establishes that the settlement agreement is the product of extensive, arm's length negotiations in which all parties participated with experienced counsel, and there is no evidence of collusion, fraud, or tortious conduct aimed to injure the non-settling defendants. *See* Dkt. No. 66 ¶¶ 12-13; Dkt. No. 67 ¶¶ 10-12. Nothing in the agreement is "so far 'out of the ballpark'" of reasonableness to establish a lack of good faith. *See Tech-Bilt*, 38 Cal. 3d at 499-500.

Consequently, a good faith determination is granted, and it is ordered that:

1. The settlement agreement, Dkt. No. 66-1, is approved as a good faith settlement and will be afforded all the rights and protections that accompany this determination.
2. The Court finds that the settlement agreement has been entered into in good faith within the meaning of Sections 877 and 877.6 of the CCP and the rule of *Tech-Bilt*, 38 Cal. 3d at 492-502, and Section 6 of the UCFA, which is adopted as federal common law in this case for purposes of determining the legal effect of the settlement agreement.
3. Pursuant to Section 6 of the UFCA and Section 877.6 of the CCP, any and all claims for contribution or equitable indemnity against TC I relating to or arising from the facts alleged in the complaint, Dkt. No. 1, the amended complaint, Dkt. No. 55, and/or the notice letters attached to the complaints, and the matters being settled under the agreement, Dkt. No. 66-1, regardless of when such claims are asserted or by whom, are barred. Such claims are barred regardless of whether they

are brought pursuant to state, federal, or common law or any other theory, as any such claims against TC I relating to or arising out of the facts alleged in the complaint, amended complaint, and notices are in the nature of contribution claims arising out of a common liability, whether framed in terms of federal or state statute or common law.

4. All claims which have been made or were deemed asserted and denied by and between Baykeeper and TC I, and each of them, in this action, are dismissed with prejudice, subject to the Court retaining continuing jurisdiction to enforce the terms of the settlement agreement.

5. The Court will retain jurisdiction over both the subject matter of the settlement agreement and Baykeeper and TC I for the duration of the performance of the terms and provisions of the settlement agreement for the purpose of enabling Baykeeper and TC I to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate to construe, implement, or enforce compliance with the terms of the agreement.

6. Except as otherwise provided in the settlement agreement, solely as between Baykeeper and TC I, Baykeeper and TC I will each bear their own costs and expenses, including attorneys' and experts' fees in this action, through the date of this order.  Baykeeper will retain the right to seek additional costs and expenses, including attorneys' and experts' fees, incurred in connection with the action from the non-settling parties.

**IT IS SO ORDERED.**

Dated:  October 28, 2022

JAMES DONATO
United States District Judge